**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF MICHIGAN**

| | |
|---|---|
| **JUSTIN NELSON and REBECCA MASSICOTTE,** individually and on behalf of a class of all persons and entities similarly situated,<br>Plaintiff,<br><br>v.<br><br><br>**ELITE AGENCY LLC**<br><br>Defendant. | Case No: 2:26-cv-11059-RJW-CI<br><br> Hon. Robert J. White |

**DEFENDANT'S COMBINED 12(b)(2) AND 12(b)(3) MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND <u>IMPROPER VENUE</u>**

Defendant ELITE AGENCY, LLC, ("Defendant"), hereby moves to dismiss Plaintiffs' Class Action Complaint ("Complaint") as to Plaintiff Justin Nelson ("Plaintiff Nelson") and Rebecca Massicotte ("Plaintiff Massicotte") pursuant to Federal Rule of Civil Procedure 12(b)(2) for the failure to plead facts to establish personal jurisdiction and Federal Rule of Civil Procedure 12(b)(3) for failure to allege facts to establish venue, and in support thereof argue as follows.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

**INTRODUCTION**

On March 31, 2026, the Complaint was filed alleging that Defendant is subject to general personal jurisdiction in the Eastern District of Michigan because it is headquartered and has its principal place of business in Florida, in Broward County. (ECF 1, ¶ 9, 12). Soley alleging that a business has both its principal place of business and headquarters in Florida in no way establishes that a company can be sued in Michigan for any and all purposes. Additionally, Plaintiffs allege that venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a "resident of the state of [Michigan] and the [Eastern District of Michigan]." (*Id*. ¶ 13). These allegations completely contradict Plaintiffs' prior allegation and make no sense. Further, alleging that a business is solely in Florida does not establish that it is subject to personal jurisdiction or venue in Michigan, as Michigan is not Florida. When taking the allegations from Plaintiff's Complaint as true, they have simply not alleged any facts to establish personal jurisdiction or proper venue.

**LEGAL STANDARD**

A motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure may involve either a facial challenge or a factual (substantive) challenge. A facial challenge questions the sufficiency of the

2

plaintiff's jurisdictional allegations in the complaint and are approached in the similar standard applied under Rule 12(b)(6) for failure to state a claim, where the court evaluates the legal adequacy of the pleadings without considering extrinsic evidence. *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997), *Polselli v. United States*, 2020 U.S. Dist. LEXIS 260543 (E.D. Mich. 2020), *BBK Tobacco & Foods, LLP v. Giangiuli*, 2021 U.S. Dist. LEXIS 27964 (E.D. Mich. 2021). Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The U.S. Supreme Court has clarified that the "paradigm" forums where a corporate entity, including an LLC, is "at home" are its state of formation (place of incorporation) and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, *119 (2014).

Under Federal Rule of Civil Procedure 12(b)(3) a defendant may move to dismiss a case for improper venue. The plaintiff bears the burden of proving that venue is proper in the chosen forum. *Audi AG v. Izumi*, 204 F. Supp. 2d 1014, *1017 (E.D. Mich. 2002). Venue governed by 28 USCS § 1391(b)(1) provides that venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. If the defendant prevails on the motion, the court has discretion to either dismiss the case or transfer it to an appropriate venue. *Audi*, at *1017, 28 USCS § 1406.

## ARGUMENT

### I.      Plaintiffs Fail to Allege Any Facts to Establish Personal Jurisdiction.

Plaintiff has pled nothing whatsoever in support of the Court having general personal jurisdiction over the Defendant. The allegations clearly and accurately state that Defendant is "at home" in Florida. ECF 1, ¶ 9, 11. Plaintiff blatantly overlooks their own allegations and oddly alleges that Defendant is subject to general personal jurisdiction in Michigan because it is a Florida business. This failure and utterly strange set of allegations leaves only one option for the court regarding this complaint; the Court must dismiss the complaint due to Plaintiffs' facial allegations failing to establish personal jurisdiction.   Fed. R. Civ. P. 12(b)(2).

### II.      Plaintiffs' Claim That Venue is Proper Under 28 U.S.C. § 1391(b)(1) is Complete Contradiction to Their Own Allegations.

Section 1391(b)(1) provides only that venue is appropriate in any district where a Defendant resides.  28 U.S.C. § 1391(b)(1) However, the Complaint alleges that Defendant is domiciled in Florida because it is headquartered and has its principal place of business in Broward County, Florida. (ECF 1, ¶ 9, 11).  Under § 1391(b)(1) this would make a court in Florida a proper venue, not the Eastern District of Michigan. There are no further allegations or facts pled to support why the Eastern District of Michigan is a proper venue under 28 U.S.C. § 1391(b)(1). Simply put,

Plaintiffs have failed to plead any facts to establish that venue is proper in this district and dismissal is required.   Fed. R. Civ. P. 12(b)(3).

Plaintiffs should not be allowed to continue to put forth pleadings that are so facially defective or inherently deficient. To do so in this manner would be unfair and overly burdensome for the Defendant to defend themselves in the Eastern District of Michigan. Thus, without accurate facts and support to their allegations Plaintiffs' entire Complaint should be dismissed.

## CONCLUSION

WHEREFORE, for the above reasons, Defendant pray this Honorable Court enter judgment in its favor and against Plaintiffs, denying and dismissing the Complaint with prejudice, with costs assessed against the Plaintiffs, and for any other relief to which this Court deems equitable and just.

Dated: May 14, 2026

Respectfully submitted,

By: */s/ James W. Davidson*
Attorney for Defendant
James W. Davidson
O'Hagan Meyer LLC
One E. Wacker Dr., Ste. 3400
Chicago, IL 60601
(312) 422-6148
jdavidson@ohaganmeyer.com

5

## PROOF OF SERVICE

I hereby certify that on May 14, 2026, a copy of the foregoing pleading was filed with this court via the CM/ECF system which will send notification to all attorneys of record.

*/s/ James W. Davidson*