### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DIVISION OF MICHIGAN

**JUSTIN NELSON and REBECCA MASSICOTTE,** individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

v.

**ELITE AGENCY LLC**

Defendant.

Case No: 2:26-cv-11059-RJW-CI

Hon. Robert J. White

---

### DEFENDANT'S COMBINED PARTIAL 12(b)(1) AND 12(b)(2) MOTION AND MEMORANDUM IN SUPPORT OF A PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION

Defendant ELITE AGENCY, LLC, ("Defendant"), hereby moves to dismiss Plaintiffs' Class Action Complaint ("Complaint") as to Rebecca Massicotte ("Plaintiff Massicotte") pursuant to Federal Rule of Civil Procedure 12(b)(1) for the failure to plead facts to establish subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(2) for the failure to plead facts to establish personal jurisdiction, and in support thereof argue as follows.

### STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(a)

Pursuant to Eastern District of Michigan Local Rule 7.1(a), Defendant's counsel confers with Plaintiff's counsel regarding the relief sought in this Motion. On June 8, 2026, Defendant's counsel contacted Plaintiff's counsel via [telephone and email] to explain the legal and factual basis for this Partial Motion to Dismiss under Rules 12(b)(1) and 12(b)(2). Plaintiff's counsel stated that Plaintiff does not concur in the relief requested, necessitating the filing of this Motion.

#12470173v1

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICITON,
PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM**

### INTRODUCTION

On May 25, 2026, the Amended Complaint was filed alleging that Defendant is subject to supplemental subject matter jurisdiction for a state claim because of an alleged telemarketing campaign being the same campaign that allegedly violated a federal statute. (ECF 10, ¶ 10). To make this conclusion Plaintiff overlooks both a fourteen (14) month separation of alleged violations and the complete isolation of events impacting a Michigan phone number from events impacting a Florida phone number. (ECF 10, ¶ 23-40, 42-66). Additionally, Plaintiffs allege Defendant is subject to specific personal jurisdiction in the Eastern District of Michigan for a claim completely governed by Florida law because of the same telemarketing campaign, conduct, and equipment used to establish a completely Michigan-based claim. (ECF 10, ¶ 13). Soley alleging that facts that may indicate subject matter jurisdiction allowing a federal court to hear the issue in no way establishes that a company is also under the authority and jurisdiction of that same federal court. Plaintiffs' listing of facts contradict Plaintiffs' allegations of a single campaign and more appropriately indicate two (2) separate campaigns a year apart. Plaintiffs have simply not alleged any facts to establish supplemental subject matter or personal jurisdiction for the FTSA claim.

### LEGAL STANDARD

**Supplemental Jurisdiction:** A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may involve either a facial challenge or a factual (substantive) challenge. A factual attack disputes the actual existence of subject matter jurisdiction, allowing the court to weigh evidence and resolve factual disputes without presuming

2

#12470173v1

the truth of the complaint's allegations. *Global Tech., Inc. v. Yubei (Xinxiang) Power Steering Sys. Co.,* 807 F.3d 806, *809 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, *440 (6th Cir. 2012)), *Meeks v. Larsen*, 999 F. Supp. 2d 968 (E.D. Mich. 2014).

Under § 1367(a), district courts have supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy under Article III of the Constitution. 28 USCS § 1367. Additionally, the court may decline to exercise supplemental jurisdiction under (28 USCS § 1367. c) if certain conditions are met, such as when the state law claim substantially predominates over the federal claim. 28 USCS § 1367(c)(2), *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, *173 (1997). "[While there is no] definitive test to determine whether state law predominates over federal claims, courts have considered such factors as . . . whether [the] state-law claims involve proof that is not needed to establish the federal law claims." *Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 U.S. Dist. LEXIS 23264, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009).

**Personal Jurisdiction:** Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). A facial challenge questions the sufficiency of the plaintiff's jurisdictional allegations in the complaint and are approached in the similar standard applied under Rule 12(b)(6) for failure to state a claim, where the court evaluates the legal adequacy of the pleadings without considering extrinsic evidence. *Int'l Tech. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997), *Polselli v. United States*, 2020 U.S. Dist. LEXIS 260543 (E.D. Mich. 2020), *BBK Tobacco & Foods, LLP v. Giangiuli*, 2021 U.S. Dist. LEXIS 27964 (E.D. Mich. 2021).

3

#12470173v1

While 28 USCS § 1367 provides for supplemental subject matter jurisdiction over related claims, it does not independently establish personal jurisdiction over defendants. Personal jurisdiction must still be established under either the forum state's long-arm statute or USCS Fed Rules Civ Proc R 4(k)(2). Michigan law requires a two-step analysis for personal jurisdiction: (1) whether the defendant's acts fall within Michigan's long-arm statute, and (2) whether exercising jurisdiction comports with due process. MCLS § 600.715, *Green v. Wilson*, 455 Mich. 342, *347, 565 N.W.2d 813, *815 (1997), *Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, *661-62 (6th Cir. 2023). Failure to meet either criterion means the court lacks personal jurisdiction. *Green*, 455 Mich. *350-51, 565 N.W.2d *816-17. Michigan's limited personal jurisdiction statutes authorize jurisdiction only for claims "arising out of" the defendant's Michigan-linked acts/relationships (e. g., transacting business in Michigan). MCL § 600.715. Due process requires that a defendant have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Johnson v. Griffin*, 85 F.4th 429 (6th Cir. 2023). To possess specific jurisdiction over an out-of-state defendant, the defendant's "suit-related conduct" must show a "substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, *284 (2014), *Sullivan*, 79 F.4th 651.

## ARGUMENT

I.  **Plaintiffs Fail to Allege Any Facts to Establish Supplemental Subject Matter Jurisdiction for the FTSA Claim.**

a. **Plaintiff Massicotte's Claim Lacks a Common Nucleus of Operative Fact.**

Here, the FTSA claim requires proof of different facts and applies a different law. In its very nature, the claim does not derive from a common nucleus of operative facts. Plaintiff Massicotte's attempt to attribute Defendant's actions to a single telephonic campaign. It is unclear

4

#12470173v1

how they reach this conclusory allegation. Plaintiffs Nelson and Massicotte do not reside in the geographic area (currently, it is unclear where Plaintiff Massicotte resides), and they don't share the same area code for their impacted phone numbers. Most interestingly, Plaintiff Massicotte alleges calls on June 25, 2024; August 16, 2024; August 28, 2024; and September 5, 2024, from either a (813) 587-XXXX or a (561) 464-XXXX caller ID and communicated with a "Bryan". (ECF 10, ¶ 51-55, 64). Plaintiff Nelson's alleged calls from Defendant didn't commence until November 11, 2025, over a year later. (Id. ¶ 31). Further, Plaintiff Nelson's calls were from a (517) XXX-XXXX number and spoke with a Yendor Hepburn. (Id. ¶ 38).

The only common element is that the Plaintiffs alleged Defendant made the calls as part of a campaign. Mere similarity in the legal theories (both involving telephone solicitation laws) is insufficient to establish supplemental jurisdiction, as the factual underpinnings of the claims must overlap significantly. *Kubala v. Smith*, 984 F.3d 1132 (6th Cir. 2021). Plaintiff Massicotte has plead a superficial connection and nothing further. As the allegations show, Plaintiff Massicotte's claim will need to prove a completely different set of facts and will be governed by an entirely different law than Plaintiff Nelson's.

Therefore, the FTSA claim does not derive from a common nucleus of operative facts, and the court does not have supplemental jurisdiction. The court should dismiss this claim.

### b.  The FTSA Substantially Predominates Plaintiff Massicotte's Claim.

Here the crux of Plaintiff Massicotte's claim falls completely under Florida State Law. While the FTSA and the TCPA are similar in the restriction of businesses contacting consumers they are different in their approach, specifically in their definitions of an automatic dialing system. The TCPA's definition was addressed by the U.S. Supreme Court's decision in *Facebook, Inc. v.*

5

#12470173v1

*Duguid*, which the Court unanimously held that the TCPA limits only randomly dialed calls and texts to cell phones from an automatic telephone dialing system, a "device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. *395, *398 (2021). This is an extremely limited definition. In comparison, the FTSA covers devices with random/sequential number generation capacity and automated systems that select and dial numbers from a list. Fla. Stat. § 501.059.

Plaintiff Massicotte's own allegations state "Defendant initiated autodialed telemarketing calls" and that those calls were "placed using equipment that had the capacity to store and dial telephone numbers in an automated fashion." (ECF 10, ¶ 51-55, 63).  Plaintiff Massicotte further alleges "upon information and belief, Defendant utilized a predictive dialer and/or automated dialing platform that is capable of dialing telephone numbers without human intervention," but provides no information to support such a system. (Id. ¶ 65). These allegations themselves define two separate automated systems. While Plaintiff Massicotte's number is registered on the National Do Not Call Registry, all calls alleged in paragraphs 51-55 are said to have been initiated by Defendant via autodialer. (Id. ¶ 51-55) Without confirmation that those calls were stored or produced by a random or sequential number generator, those calls fall outside the scope of the TCPA and are only under the authority of the FTSA. The only connection to the federal question at issue is that Plaintiff Massicotte's number is on the National Do Not Call Registry and Plaintiffs' attempt to expand a definition under the TCPA ignores the precedent from *Duguid* in the process. All of Plaintiff Ma Massicotte's claims of an autodialer not within the definition outlined in *Duguid* are inapplicable evidence irrelevant to establishing the federal claim. *Duguid*, 592 U.S. *395

6

#12470173v1

As such, Plaintiff Massicotte's FTSA Claim stands alone from the federal question presented and should be dismissed in its entirety.

## II.   Plaintiffs Fail to Allege Any Facts to Establish Personal Jurisdiction for Plaintiff Massicotte's FTSA Claim.

### a.   Michigan's long-arm statutes require that Plaintiff Massicotte's FTSA claim "arise out of" Michigan-linked acts.

Here, the FTSA claim is pleaded as a Florida statutory claim based on telephonic sales calls made from or into Florida using automated systems. (ECF 10, ¶ 51-55). The factual allegations supporting Plaintiff Massicotte's claim describe calls to her (813) Florida number from (813) and (561) Florida caller IDs. (*Id*.) All this establishes is that a Florida company initiated a call to another Florida number. The Amended Complaint does not allege that Plaintiff Massicotte received the relevant calls in Michigan, that the calls to Plaintiff Massicotte were directed to Michigan, or that the alleged FTSA violations caused consequences in Michigan.

Accordingly, Plaintiffs' FTSA claim has failed to plead anything that "arise out of" any Michigan acts or consequence as required by Michigan's long-arm statutes. Thus, the Court must dismiss this claim.

### b.   Plaintiff Massicotte's "same campaign" allegations do not substitute for the required connection to Michigan to satisfy due process.

The Amended Complaint attempts to justify Michigan jurisdiction over Plaintiff Massicotte's claims by alleging Defendant conducted a "uniform, nationwide telemarketing campaign" and that Plaintiff Massicotte's claims arise from the "same telemarketing campaign, conduct, and equipment" as Nelson's Michigan-based claims, making pendent personal jurisdiction proper. (ECF 10, ¶ 10, 13, 41, 61-62). Plaintiff Massicotte's campaign theory is insufficient because it does not plead the necessary Michigan connection for the FTSA claim itself.

7

#12470173v1

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, *1025 (2021). As previously addressed above, the allegations show Defendant directed its activity to a an individual with unknown connection to the forum and that Defendant initiated calls to Florida cell phone number. There may be conduct to establish specific personal jurisdiction in Florida but the facts revolving around the FTSA claim are entirely isolated from Michigan. And it would be unreasonable for Defendants isolated Florida conduct to be addressed in a Michigan court.  The FTSA claim fails here for the same reason it failed under Michigan's long-arm statute; there is no sufficient connection to Michigan in any way.

Plaintiffs previously failed to establish general personal jurisdiction and now have failed to establish specific personal jurisdiction for Plaintiff Massicotte's FTSA claim. The court must dismiss this claim.

Plaintiffs' FTSA claim is entirely separate from the TCPA claim in both legal governance and factual occurrence. Thus, without facts and support to their allegations, Plaintiffs' FTSA claim should be dismissed.

## CONCLUSION

WHEREFORE, for the above reasons, Defendant pray this Honorable Court enter judgment in its favor and against Plaintiffs, denying and dismissing the FTSA claim within the Amended Complaint with prejudice, with costs assessed against the Plaintiffs, and for any other relief to which this Court deems equitable and just.

Dated: June 8, 2026

Respectfully submitted,

By:   */s/ James W. Davidson*
Attorney for Defendant

8

#12470173v1

James W. Davidson
O'Hagan Meyer LLC
One E. Wacker Dr., Ste. 3400
Chicago, IL 60601
(312) 422-6148
jdavidson@ohaganmeyer.com

#12470173v1

**PROOF OF SERVICE**

I hereby certify that on June 8, 2026, a copy of the foregoing pleading was filed with this court via the CM/ECF system which will send notification to all attorneys of record.

*/s/ James W. Davidson*

10

#12470173v1