**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

JUSTIN NELSON and REBECCA
MASSICOTTE, individually and on behalf of a
class of all persons and entities similarly
situated,

               Plaintiffs

vs.

ELITE AGENCY LLC

               Defendant.

Case No. 2:26-cv-11059-RJW-CI

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

## INTRODUCTION

Defendant's motion is premised upon a single flawed assumption: that Plaintiff Nelson's TCPA claims and Plaintiff Massicotte's FTSA claims arise from two unrelated telemarketing campaigns. The Amended Complaint alleges precisely the opposite. Plaintiffs allege that Defendant conducted a uniform telemarketing campaign promoting the same insurance products through the same telemarketing infrastructure and dialing equipment. ECF No. 10 ¶¶ 13, 41, 61-67.

Rather than accept those allegations as true, Defendant asks the Court to infer that separate campaigns existed because the calls occurred at different times, involved different telephone numbers, and connected Plaintiffs with different representatives. At the pleading stage, however, such factual disputes must be resolved in Plaintiffs' favor.

Because Plaintiffs have plausibly alleged that their claims arise from the same telemarketing campaign and share a common nucleus of operative fact, supplemental jurisdiction exists under 28 U.S.C. § 1367. Likewise, Defendant's personal-jurisdiction arguments depend upon factual determinations that cannot properly be resolved on a Rule 12 motion. Accordingly, Defendant's Partial Motion to Dismiss should be denied in its entirety. Alternatively, if the Court concludes that personal jurisdiction is lacking as to Plaintiff Massicotte's FTSA claim, the claim should be transferred to an appropriate federal court in Florida rather than dismissed.

## **BACKGROUND**

Defendant Elite Agency LLC is a Florida-based company that markets and sells insurance products. ECF No. 10 ¶ 9. Plaintiffs Justin Nelson and Rebecca Massicotte allege that Defendant engaged in a telemarketing campaign promoting its insurance offerings through repeated unsolicited telephone calls. *Id.* ¶¶ 31-40, 51-66.

Plaintiff Nelson is the subscriber of cellular telephone number (517) 769-XXXX, which has been registered on the National Do Not Call Registry since November 13, 2024. *Id.* ¶¶ 23, 30. Nelson alleges that, between November 2025 and February 2026, Defendant repeatedly placed telemarketing calls to his cellular telephone promoting Defendant's insurance products. *Id.* ¶¶ 31-39. Nelson further alleges that he requested the calls stop, but Defendant continued to place additional calls. *Id.* ¶¶ 35-36.

Plaintiff Massicotte is the subscriber of cellular telephone number (813) 409-XXXX, which has been registered on the National Do Not Call Registry since July 15, 2015. *Id.* ¶¶ 42, 50. Massicotte alleges that Defendant placed multiple telemarketing calls to her telephone during 2024 promoting Defendant's insurance products. *Id.* ¶¶ 51-60. According to the Amended

2

Complaint, Defendant's representatives provided a callback number and directed Massicotte to Defendant's website during one such call. *Id.* ¶¶ 56-59.

Plaintiffs allege that the calls to both Plaintiffs were part of the same telemarketing campaign promoting Defendant's insurance products. *Id.* ¶¶ 13, 41, 61-62. Plaintiffs further allege that Defendant utilized automated dialing technology in connection with those calls. *Id.* ¶¶ 63-67.

## ARGUMENT

I. **The Court Possesses Supplemental Jurisdiction Over Plaintiff Massicotte's FTSA Claim.**

Defendant argues that Plaintiff Massicotte's FTSA claim is too attenuated from Plaintiff Nelson's TCPA claim to support supplemental jurisdiction. The Amended Complaint, however, alleges precisely the opposite.

Federal courts possess supplemental jurisdiction over state-law claims that are "so related" to claims within the Court's original jurisdiction that they "form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they derive from a common nucleus of operative fact such that a plaintiff would ordinarily be expected to try them in one judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

At the pleading stage, the Court must accept Plaintiffs' factual allegations as true. The Amended Complaint alleges that Defendant conducted a "uniform, nationwide telemarketing campaign" utilizing automated dialing equipment and that Massicotte's claims arise from the same telemarketing campaign, conduct, and equipment that gave rise to Nelson's claims. ECF No. 10 ¶ 13. Plaintiffs further allege that Defendant promoted the same insurance products

through the same telemarketing operation and that both Plaintiffs were contacted as part of that campaign. *Id.* ¶¶ 41, 61-67.

These allegations establish a substantial factual overlap between the federal and state-law claims. Resolution of both claims will require discovery concerning Defendant's telemarketing practices, dialing systems, call records, consent procedures, employee training, corporate policies, and the nature and scope of Defendant's insurance-marketing campaign. The claims therefore arise from the same alleged course of conduct and share a common nucleus of operative fact.

Defendant's contrary argument improperly asks the Court to draw factual inferences against Plaintiffs. According to Defendant, the claims must be unrelated because the calls occurred at different times, involved different telephone numbers, and were connected to different representatives. But none of those alleged distinctions establishes, as a matter of law, that two separate telemarketing campaigns existed. The Amended Complaint expressly alleges that both Plaintiffs were contacted as part of a single telemarketing campaign utilizing the same equipment and promoting the same products. ECF No. 10 ¶¶ 13, 41, 61-67. At this stage, those allegations must be accepted as true.

Nor does the FTSA claim substantially predominate over the TCPA claims. Although the claims arise under different statutes, both concern substantially similar telemarketing conduct and will require overlapping evidence concerning Defendant's calling practices, equipment, and internal procedures. The mere existence of additional elements under Florida law does not transform the FTSA claim into a separate controversy or justify declining supplemental jurisdiction. Indeed, another court has found that a federal court would have supplemental jurisdiction over a FTSA claim when there was jurisdiction over a TCPA claim. *See Simpson v.*

*J.G. Wentworth Co.,* 2023 U.S. Dist. LEXIS 9867, *8-9 (E.D. Pa.) ("Accordingly, the Middle District of Florida is a proper venue and could exercise personal jurisdiction over Defendant. That court would also have subject matter jurisdiction over the claims in this case under the federal question and supplemental jurisdiction doctrines.")

Because Plaintiffs have plausibly alleged that their claims arise from the same telemarketing campaign and share a common nucleus of operative fact, supplemental jurisdiction exists under 28 U.S.C. § 1367(a), and Defendant's motion should be denied.

## II.      Personal Jurisdiction

A Court can have either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011).

A Court has specific jurisdiction over a defendant when "the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

### a.   Defendant Does Not Dispute That This Court Possesses Personal Jurisdiction Over Elite Agency With Respect To Nelson's TCPA Claims.

Defendant does not challenge this Court's exercise of personal jurisdiction over Elite Agency as to Plaintiff Nelson's TCPA claims. Nor could it. The Amended Complaint alleges that Defendant repeatedly directed telemarketing calls into Michigan, including calls received by

5

Nelson while physically present within this District. ECF No. 10 ¶¶ 11-12, 31-40. Those allegations readily satisfy the purposeful-availment requirement because Defendant deliberately targeted a Michigan consumer and caused consequences within Michigan.

Accordingly, the only question presented by Defendant's motion is whether the Court may exercise jurisdiction over Massicotte's FTSA claim.

### b. Defendant Has Failed to Demonstrate That Personal Jurisdiction Is Lacking.

Defendant's personal-jurisdiction argument is premised upon a factual assertion that Plaintiffs' claims arise from two unrelated telemarketing campaigns. The Amended Complaint alleges precisely the opposite. Because Defendant's motion depends upon factual inferences contrary to the pleadings, dismissal under Rule 12(b)(2) is inappropriate.

A plaintiff opposing a motion to dismiss pursuant to Rule 12(b)(2) need only establish a prima facie showing of jurisdiction. In determining whether plaintiff has met its burden, the district court considers the pleadings and affidavits "in a light most favorable to the plaintiff" and does not weigh "the controverting assertions of the party seeking dismissal." *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (*quoting Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)).

Defendant does not dispute that this Court possesses personal jurisdiction over Elite Agency with respect to Plaintiff Nelson's TCPA claims. Nor could it. The Amended Complaint alleges that Defendant repeatedly directed telemarketing calls into Michigan, including calls received by Nelson while physically present within this District. ECF No. 10 ¶¶ 11-12, 31-40. Those allegations establish that Defendant purposefully availed itself of the privilege of conducting activities within Michigan and caused consequences within this forum.

Instead, Defendant attempts to isolate Plaintiff Massicotte's claims from the broader telemarketing campaign alleged in the Amended Complaint. According to Defendant, personal jurisdiction is lacking because Massicotte possessed a Florida telephone number, received calls from Florida caller identification numbers, and allegedly spoke with a different representative at a different time. But those alleged distinctions do not establish, as a matter of law, that Massicotte's claims arose from a separate telemarketing campaign.

To the contrary, Plaintiffs expressly allege that Defendant conducted a "uniform, nationwide telemarketing campaign" utilizing automated dialing equipment and that Massicotte's claims arise from the same telemarketing campaign, conduct, and equipment that gave rise to Nelson's claims. ECF No. 10 ¶ 13. Plaintiffs further allege that Defendant promoted the same insurance products through the same telemarketing operation and that both Plaintiffs were contacted as part of that campaign. *Id.* ¶¶ 41, 61-67.

Defendant's motion therefore asks the Court to reject Plaintiffs' allegations and infer that two separate campaigns existed based solely upon differences in dates, caller identification numbers, and individual representatives. At most, those facts create factual disputes concerning the scope and nature of Defendant's telemarketing operation. They do not permit dismissal at the pleading stage.

Moreover, Defendant's jurisdictional analysis improperly focuses on isolated telephone calls rather than the broader conduct alleged in the Amended Complaint. Plaintiffs do not allege a series of unrelated communications. Rather, Plaintiffs allege that Defendant operated a nationwide telemarketing campaign promoting its insurance products and directed that campaign toward consumers throughout the United States, including Michigan. ECF No. 10 ¶¶ 13, 41, 61-67. Defendant cannot purposefully direct a telemarketing campaign into Michigan, avail itself of

the benefits of conducting business in Michigan, and then avoid jurisdiction by artificially subdividing that campaign into individual consumer contacts.

Plaintiffs have plausibly alleged that both Plaintiffs were contacted as part of a common telemarketing campaign conducted by Defendant. Because Defendant's motion depends upon factual determinations that cannot properly be resolved on a Rule 12(b)(2) motion, dismissal for lack of personal jurisdiction should be denied.

### c.   Alternatively, If The Court Finds Personal Jurisdiction Lacking, The Appropriate Remedy Is Transfer Rather Than Dismissal.

Even if the Court concludes that personal jurisdiction is lacking with respect to Plaintiff Massicotte's FTSA claim, dismissal is not warranted. Federal courts possess authority to transfer claims to a court where jurisdiction would be proper when doing so serves the interests of justice.

Under 28 U.S.C. § 1631, when a Court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action to a court in which the action could have been brought at the time it was filed. Likewise, courts routinely recognize that transfer is generally favored over dismissal where dismissal would unnecessarily delay resolution of the dispute and require the parties to file a new action. *See e.g. In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.,* 288 F. Supp. 3d 1087, 1215-1216 (D. NM.) ("Although the Court lacks personal jurisdiction as to those claims, there is still the question of the appropriate remedy. The Court notes that it can, under rule 21, sever the defective claims filed against Reynolds American and transfer that action to a North Carolina federal court, if the transfer "is in the interest of justice." 28 U.S.C. § 1631. *See* Fed. R. Civ. P.

21 ('On motion or on its own, the court may at any time, on just terms . . . sever any claim against a party.'")

The Sixth Circuit has expressly held that § 1631 applies to personal-jurisdiction defects, not merely subject-matter-jurisdiction defects. *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). In *Roman*, the Sixth Circuit explained that Congress enacted § 1631 to protect litigants from the unnecessary expense and prejudice that can result when an action is filed in an incorrect federal forum. *Id.* at 328-29. The court further held that transfer, rather than dismissal, was appropriate where a proper federal forum existed and dismissal would merely force the plaintiff to incur the expense of refiling the same action elsewhere. *Id.*

Defendant's motion repeatedly asserts that Florida is the proper forum for Plaintiff Massicotte's FTSA claim. If Defendant is correct, then transfer—not dismissal—would be the appropriate remedy. The allegations concern a Florida plaintiff, calls allegedly made from Florida telephone numbers, and a Florida statute governing telephonic sales calls. Defendant itself is a Florida company. Thus, there can be little dispute that the Southern District of Florida would be a forum in which the claim could have been brought.

Moreover, transfer would further the interests of justice. Plaintiff Massicotte timely asserted her claims in good faith, and dismissal would create the risk of unnecessary procedural delay and potential statute-of-limitations disputes. Defendant identifies no prejudice that would result from transfer. By contrast, transfer would preserve the parties' rights while allowing the claim to be resolved on its merits. Moreover, discovery concerning Defendant's telemarketing campaign, dialing systems, call records, and internal policies will substantially overlap with discovery relevant to Plaintiff Nelson's TCPA claims, making transfer more efficient than forcing duplicative proceedings to begin anew in another forum.

9

Accordingly, should the Court determine that personal jurisdiction over Plaintiff Massicotte's FTSA claim is lacking, Plaintiffs respectfully request that the Court transfer that claim to an appropriate federal court in Florida rather than dismiss it.

### d.  Defendant Has Failed to Demonstrate Good Cause for a Stay

Defendant also seeks a stay of the action pending resolution of its partial motion to dismiss. The request should be denied.[1]

Defendant's motion challenges only a portion of the Amended Complaint and, even if granted in full, would not dispose of the action. Defendant therefore cannot demonstrate that a stay would materially simplify the litigation. Nor has Defendant identified any unusual burden, prejudice, or hardship that would justify halting proceedings.

Although district courts possess discretion to stay proceedings pending resolution of potentially dispositive issues, such relief is generally reserved for circumstances in which the pending motion is likely to dispose of the action or substantially narrow the issues without the need for discovery. *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). Here, Defendant's motion is expressly a partial motion directed only at Plaintiff Massicotte's FTSA claim. Even if granted in full, Plaintiff Nelson's TCPA claims would remain. Because the motion would not dispose of the action and because the challenged issues overlap substantially with merits discovery, a stay would not promote judicial economy. Instead, Defendant's request rests primarily on scheduling difficulties and Defendant's alleged inability to approve a responsive

---

[1] Defendant's motion appears to have been copied from unrelated litigation, as the motion requests relief on behalf of "Defendant Metrowest Community Federal Credit Union," an entity not involved in this action. However, given the caption submitted, the Plaintiff addresses the argument.

pleading. Those circumstances do not constitute good cause to stay an otherwise properly proceeding action.

Because Defendant has failed to demonstrate that a stay would promote judicial economy or conserve party resources, the request should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Partial Motion to Dismiss in its entirety and deny Defendant's Motion to Stay.

Defendant's motion therefore asks the Court to reject Plaintiffs' allegations and infer that two separate campaigns existed based solely upon differences in dates, caller identification numbers, and individual representatives.

Alternatively, should the Court determine that personal jurisdiction over Plaintiff Massicotte's FTSA claim is lacking, Plaintiffs respectfully request that the Court transfer that claim to an appropriate federal court in Florida pursuant to 28 U.S.C. § 1631 rather than dismiss it.

Dated: June 17, 2026          PLAINTIFF, on behalf of himself
                              and others similarly situated,


                              */s/ Anthony I. Paronich*
                              Anthony I. Paronich
                              Paronich Law, P.C.
                              350 Lincoln Street, Suite 2400
                              Hingham, MA 02043
                              (508) 221-1510
                              anthony@paronichlaw.com

11